## Commonwealth Trust Company v. Caplan

*Thomas C. McCarrell*, for petitioner.

*Solomon Hurwitz*, for defendant.

RUPP, J., August 30, 1943.—We have before us a rule granted on the petition of the Capital Bank & Trust Company, Harrisburg, Pa., substituted trustee, to be substituted as plaintiff in this matter.

An answer was filed, but no depositions were taken.

The petition sets forth that, as security for a loan made to him by the Commonwealth Trust Company, Harrisburg, Pa., one Percy L. Grubb executed and delivered to it a bond and mortgage, the payment of which defendant guaranteed in writing; that thereafter plaintiff sued defendant on this guaranty; and that by reason of a subsequent order of this court appointing the Capital Bank & Trust Company the substituted trustee of the said bond and mortgage, and an assignment from the Commonwealth Trust Company made pursuant thereto, the Capital Bank & Trust Company succeeded to all the Commonwealth Trust Company's right, title, and interest in the bond and mortgage; hence the requested substitution.

The answer admits the above assignment, but avers that it was a nullity since, due to prior assignments to third parties, the bond and mortgage no longer were the property of the Commonwealth Trust Company, which thenceforth ceased to be the real party in interest; that, therefore, the later assignment by the Commonwealth Trust Company could not, and did not, constitute the Capital Bank & Trust Company the real party in interest; and hence, under Pa. R. C. P. 2002, it cannot prosecute the action as plaintiff and consequently should not be substituted as such.

Defendant contends that, inasmuch as no depositions were taken, under Pa. R. C. P. 209, the averments

of the answer must be taken to be admitted. The difficulty with defendant's position is that, under the rule, this is true only as to those averments of fact "responsive to the petition". Clearly, the above averments are not responsive to the petition, but attempt to raise matters of defense to the initial action which have no place in the instant proceeding.

The prayer of the petition is governed by Pa. R. C. P. 2004, which reads as follows:

"If a plaintiff has commenced an action in his own name and thereafter transfers his interest therein, in whole or in part, the action may continue in the name of the original plaintiff, or upon petition of the original plaintiff or of the transferee or of any other party in interest in the action, the court may direct the transferee to be substituted as plaintiff or joined with the original plaintiff."

Thus, under that rule, in his answer defendant may raise but one issue—whether or not plaintiff's interest in the cause of action has been transferred in whole or in part. In addition, he may advance reasons as to why the transferee should be joined as coplaintiff rather than substituted as plaintiff.

Here there is no denial that whatever interest plaintiff may have had in the cause of action has passed to the transferee. There is no reason advanced why the transferee should be joined as an additional plaintiff rather than substituted as plaintiff. Under such circumstances, the rule must be made absolute.

And now, August 30, 1943, the rule is hereby made absolute, and the prothonotary is directed forthwith to substitute the Capital Bank & Trust Company, Harrisburg, Pa., substituted trustee, as plaintiff in this matter.